THE PEOPLE OF THE TERRITORY OF GUAM
Plaintiff-Appellant

v.

LUIS D. SANTOS
Defendant-Appellee

Criminal Appeal No. 79-0459A
District Court of Guam, Appellate Division
April 8, 1980

- - - - -

- - - - -

DUENAS and LAURETA, District Judges, and BURNETT, Designated Judge.

OPINION

PER CURIAM:
Defendant was indicted for Theft by Deception on July 28, 1979. He moved successfully in the Superior Court to suppress certain statements made to his supervisor, on the theory that the statements resulted from a custodial interrogation where full Miranda warnings were not given.

The government appeals, arguing that the mere fact that the defendant's supervisor told him to go upstairs and talk to certain agents did not result in a custodial interrogation. In response, the defendant argues that he was concerned that he might lose his job if he refused to answer certain questions and that he was afraid that he would be arrested if he left the office.

Although the defendant was not technically under arrest and was not interrogated at police headquarters, he was taken into effective custody so that "the behavior of . . . law enforcement officials was such as to overbear petitioner's will to resist and bring about [a confession which was not] freely self-determined. . ." Rogers v. Richmond, 365 U.S. 534, 544 (1961), cited with approval in Beckwith v. U.S., 425 U.S. 341, 96 S.Ct. 612, 48 L.Ed.2d 1. The defendant was ordered by a superior immediately to appear in the Intelligence Division of the Department of Revenue and Taxation and certain questions were asked of him in the presence of the Department head, the special agent and a stenographer. (Transcript at pages, 2, 4, 11 and 13). The questioning lasted approximately an hour. (Transcript, page 16). Even though there were no guards or steel bars to detain the defendant, the totality of the circumstance confirms that this was custodial interrogation.

Affirmed.